UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO.: 0:16-cv-61049-UU

ISMAEL CEDENO,

    Plaintiff,

v.

NAVIENT SOLUTIONS, INC.,

    Defendant.

_____/

## MOTION FOR PROTECTIVE ORDER

Defendant, Navient Solutions, Inc. (NSI), and Davonne Thomas (Mr. Thomas), through counsel and under Federal Rule of Civil Procedure 26, file this Motion for Protective Order to protect Davonne Thomas from appearing for a deposition on November 15, 2016, and state:

## INTRODUCTION AND BACKGROUND

Ismael Cedeno ("Plaintiff") filed this lawsuit alleging NSI violated the Telephone Consumer Protection Act ("TCPA), 47 U.S.C. 227, *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692, *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. Chap. 559.55, *et seq.*, in connection with its servicing of his federal student loans. Specifically, Plaintiff claims NSI violated the TCPA, FDCPA and FCCPA by calling his cell phone number without his "prior express consent" with an "automatic telephone dialing system," after he asked for the calls to stop – and that NSI's aforementioned calls constituted harassment.

On November 2, 2016, Plaintiff served a Subpoena to Testify at a Deposition in a Civil Action (the "Subpoena"). The Subpoena sought a deposition of NSI employee, Davonne Thomas. The Subpoena set the deposition for November 15, 2016 at 10 am in Fishers, Indiana. On November 9, 2016, Plaintiff served an Amended Notice of Taking Video Deposition of Representative from Defendant, Navient Solutions, Inc., apparently in relation to the Subpoena (the "Notice").[1] The Notice described Mr. Thomas as "an employee of the Defendant, Navient Solutions, Inc., who spoke to the Plaintiff on June 18, 2015 and identifies himself in BATES NSI0000188." Plaintiff made no effort to determine NSI, its counsel, or Mr. Thomas's availability prior to serving the Subpoena and Notice. In turn, NSI informed counsel for Plaintiff it objected to the Notice.[2]

Plaintiff's attempt to depose Mr. Thomas – an NSI employee who had a single, brief, recorded conversation with Plaintiff over a year ago, and of which he has no recollection – is pure harassment. Plaintiff has already deposed NSI's corporate representative, during which NSI's corporate representative testified at length about the June 2015 conversation, but Plaintiff has continued to press for Mr. Thomas's deposition. Plaintiff's attempt to depose Mr. Thomas is disproportional to the needs of discovery in this case and unlikely to yield

---

[1] As this Court is aware, Plaintiff served a similar Notice on September 28, 2016, seeking a deposition of an un-named NSI employee described by Plaintiff as "the employee of the Defendant, Navient Solutions, Inc., who spoke to the Plaintiff in or around June 2015," which plaintiff later withdrew in response to NSI's Motion for Protective Order from the September 28, 2016 Notice.

[2] On November 7, 2016, Plaintiff served another Subpoena to Testify at a Deposition in a Civil Action, and another Amended Notice of Taking Video Deposition of Representative from Defendant, Navient Solutions, Inc. This Subpoena and Notice sought a deposition of former NSI employee, Alisha Kombat  The Subpoena set the deposition for November 18, 2016 at 10 am in Wilmington, Delaware. The Notice described Ms. Kombat as "a former employee of the Defendant, Navient Solutions, Inc., who spoke to the Plaintiff on June 22, 2015 and identifies herself" in a recording "BATES NSI0000187." Again, plaintiff made no effort to determine NSI, or its counsel's, availability prior to serving the Subpoena and Notice. NSI understands plaintiff has been unable to perfect serve on Ms. Kombat as of the date of this motion. Nevertheless, plaintiff's effort to depose Ms. Komabt is improper for the same reasons as Mr. Thomas's.

information relevant to these proceedings, and it will impose an undue burden upon Mr. Thomas.

## ARGUMENT

Mr. Thomas's deposition is completely unnecessary to this case and, therefore, outside the scope of Federal Rule of Civil Procedure 26(b)(1), which provides:

> Parties may obtain discovery regarding any nonprivileged matter that relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).[3] The Advisory Committee Notes to Rule 26 state "[p]roportional discovery relevant to any party's claim or defense suffices." Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment. In discussing the recent amendments to Rule 26, the Honorable John G. Roberts, Jr., Chief Justice of the United States Supreme Court, stated:

> The amended rule states, as a fundamental principle, that lawyers must size and shape their discovery requests to the requisites of a case. Specifically, the pretrial process must provide parties with efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery. The key here is careful and realistic assessment of actual need. That assessment may, as a practical matter, require the active involvement of a neutral arbiter—the federal judge—to guide decisions respecting the scope of discovery.

*See* 2015 Year-End Report on the Federal Judiciary, https://www.supremecourt.gov/publicinfo/year-end/2015year-endreport.pdf.

---

[3] Further, as a procedural matter, the Subpoenas and Notices for both Mr. Thomas and Ms. Kombat do not comply with S.D. Fla. Local Rule 26.1(j). Plaintiff's Subpoena to Mr. Thomas provided NSI and Mr. Thomas thirteen days notice. Plaintiff's Subpoena to Ms. Kombat provided NSI and Ms. Kombat eleven days notice. Under Local Rule 26.1(j), "a party desiring to take the deposition in another State of any person upon oral examination shall give at least fourteen (14) days notice in writing to every other party to the action and the deponent (if the deposition is not of a party)."

Under Rule 26(c)(1), "[a] party or any person from whom discovery is sought may move for a protective order ... to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The party seeking a protective order must demonstrate "'good cause' for the protection sought." *Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.*, 593 F. Supp. 2d 1273, 1277 (S.D. Fla. 2008). "'Good cause' has been defined as a 'sound basis or legitimate need to take judicial action.'" *Id.* (quoting *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987)). When evaluating whether "good cause" exists, "a court should balance the non-moving party's interest in obtaining discovery and preparing for trial against the moving party's proffer of harm that would result from the deposition." *Baratta v. Homeland Housewares, LLC*, 242 F.R.D. 641, 642 (S.D. Fla. 2007) (citing *Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985)).

Here, the brief conversation alluded to by Plaintiff in the Notice between Mr. Thomas and Plaintiff was recorded. Plaintiff's counsel is in possession of NSI's business records of the conversation, including the recording. The recording is the best evidence of the conversation, not retrospective testimony about the recording from Mr. Thomas. Moreover, Mr. Thomas has no recollection of the conversation, let alone personal knowledge of the facts and circumstances in this action whatsoever.[4] His testimony (if any) would be based solely on his review of NSI's business records and the recording, not personal knowledge. Such testimony is inappropriate for a fact witness, who only briefly touched Plaintiff's account and has no recollection of the subject conversation. Rather, such testimony is best provided by

---

[4] In his job as an agent with NSI, Mr. Thomas speaks to dozens, if not hundreds, of customers a day.

NSI's corporate designee who is trained to review such records and has already provided testimony that is binding on NSI.

Therefore, it is plain Plaintiff seeks to harass and burden NSI and Davonne Thomas with this deposition, which serves no legitimate purpose. Indeed, this is the very type of disproportional discovery frowned upon by Congress when it recently amended, with the Advisory Committee's recommendation, Federal Rule 26(b)(1).

WHEREFORE, NSI and Davonne Thomas respectfully request that the Court issue a Protective Order, and for such other relief as this Court deems proper.

## **CERTIFICATE OF GOOD FAITH CONFERENCE**

The undersigned attorney certifies that this motion is filed in compliance with S.D. Local Rule 7.1(a)(3), in that the movant conferred by telephone and electronic mail with Plaintiff, through counsel, and Plaintiff opposes the instant motion.

Respectfully submitted,

/s/ Rachel A. Morris
Rachel A. Morris, Esq.
Florida Bar No.: 091498
Dayle M. Van Hoose, Esq.
Florida Bar No. 0016277
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
3350 Buschwood Park Drive, Suite 195
Tampa, Florida 33618
Telephone:   (813) 890-2469
Facsimile:    (866) 466-3140
ramorris@sessions.legal
dvanhoose@sessions.legal
*Attorneys for Davonne Thomas and Navient Solutions, Inc.*

5

## **CERTIFICATE OF SERVICE**

I certify that on this 14th day of November 2016, a copy of the foregoing was filed electronically in the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system or U.S. First Class Mail including plaintiff's counsel as described below.  Parties may access this filing through the Court's system.

Stefan Alvarez, Esq.
Amanda Jamison Allen, Esq.
William P. Howard, Esq.
The Consumer Protection Firm
210-A South MacDill Avenue
Tampa, FL 33609
Stefan@TheConsumerProtectionFirm.com
Amanda@TheConsumerProtectionFirm.com
Billy@TheConsumerProtectionFirm.com

/s/ Rachel A. Morris
Attorney