UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:16-cv-61049-UU

ISMAEL CEDENO,

    Plaintiff,

v.

NAVIENT SOLUTIONS, INC.,

    Defendant.
_____/

## ORDER ON MOTION FOR RECONSIDERATION

THIS CAUSE is before the Court upon Plaintiff's Motion for Reconsideration, D.E. 46, and Plaintiff's Amended Motion to Take Deposition of Davonne Thomas, D.E. 44.

THE COURT has considered the Motion and the pertinent portions of the record and is otherwise fully advised in the premises.

On December 8, 2016, Plaintiff moved for leave to take a video deposition of a Representative from Defendant, Navient Solutions, Inc., under Federal Rule of Civil Procedure 30(b)(6), after the discovery cut-off in this case. D.E. 43. In support thereof, Plaintiff stated that: (1) he served a Notice of Rule 30(b)(6) deposition on October 28, 2016 that scheduled a deposition for November 15, 2016; (2) Defendant filed a Motion for Protective Order on November 14, 2016, thereby cancelling the deposition; and (3) the Honorable Magistrate Judge Otazo-Reyes recently denied Defendant's Motion for Protective Order and stated that "Plaintiff has leave to conduct the deposition subject to obtaining permission from the Court to do so outside of the discovery period." D.E. 43; D.E. 41 p. 1.

On December 9, 2016, the Court denied Plaintiff's Motion for Leave on grounds that Plaintiff failed to diligently prosecute this action by: (1) waiting "until October 28, 2016, merely three weeks before the discovery cut-off, to serve a Notice of Rule 30(b)(6) Deposition on Defendant;" and (2) "setting a deposition date of November 15, 2016, less than one week before the discovery deadline in this case, with full knowledge of the Court's Scheduling Order." D.E. 45.

Plaintiff now moves for reconsideration of the Court's December 9, 2016 Order. In support thereof, Plaintiff states that he, in fact, first served a Notice of Deposition on September 28, 2016, but withdrew it on October 19, 2016, and, then, issued and served the October 28, 2016 Notice of Deposition described in Plaintiff's Motion for Leave. D.E. 46.

The Court will deny Plaintiff's Motion. As set forth in the Court's December 9, 2016 Order, Plaintiff filed this action on May 17, 2016. D.E. 1. The Court entered her Scheduling Order for Pretrial Conference and Trial in this case on August 1, 2016, and it permitted the parties to conduct discovery until November 21, 2017. D.E. 14. The parties were therefore given nearly four months to complete discovery. Nonetheless, Plaintiff failed to propound discovery in a timely manner and, perhaps in a showing of good faith, withdrew his September 28, 2016 Notice of Deposition. While the Court understands that Plaintiff did not intend to run afoul of the Court's Scheduling Order, under these circumstances, the Court will not reconsider its December 9, 2016 Order. Accordingly, it is

ORDERED AND ADJUDGED that the Plaintiff's Motion for Reconsideration, D.E. 46, is DENIED. It is further

ORDERED AND ADJUDGED that Plaintiff's Amended Motion to Take Deposition of Davonne Thomas, D.E. 44, is DENIED.

DONE AND ORDERED in Chambers, Miami, Florida, this 19th day of December, 2016.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided: counsel of record