# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THOMAS HASSERT,

                Plaintiff,

   v.                                   OPINION & ORDER

NAVIENT SOLUTIONS, INC.,               16-cv-243-jdp

                Defendant.

---

Plaintiff Thomas Hassert took out student loans under the Federal Family Education Loan (FFEL) program. He has filed suit against defendant Navient Solutions, Inc., alleging that Navient called his cell phone using an autodialer to collect payment on the FFEL loans, in violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(1). Dkt. 15. Navient now moves to dismiss Hassert's complaint, contending that a 2015 amendment excepts Navient's alleged calls from the TCPA. Dkt. 16. Because FFEL loans are debts guaranteed by the United States subject to the 2015 amendment's exception, the TCPA does not prohibit Navient's alleged calls to Hassert, and Hassert's complaint does not state a claim for relief. The court will grant Navient's motion and dismiss this case.

ALLEGATIONS OF FACT

The court begins with some historical background. Congress created the FFEL program as part of the Higher Education Act of 1965. Under the FFEL program, lenders make loans to students, and the loans are insured by guaranty agencies and reinsured under guaranty agreements with the U.S. Department of Education. This means that when the student borrower defaults on the loan and the lender tries but fails to recover the debt, the

guaranty agency will purchase the loan from the lender and then recover its losses under the guaranty agreement with the Department of Education. *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 640-41 (7th Cir. 2015) (citing 20 U.S.C. § 1078).

The facts specific to this case are from Hassert's amended complaint, Dkt. 15, and the court accepts them as true for the purpose of deciding this motion. *Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016). In 2003, Hassert took out FFEL loans from Superior Community Credit. The loans were guaranteed by Great Lakes Higher Education Guaranty Corporation. Sometime later, Navient started servicing the loans. Navient called Hassert's cell phone using an autodialer to collect payment on the FFEL loans. On December 9, 2015, Hassert told Navient over the phone and in an email to stop calling him on his cell phone, but Navient continued. It called Hassert at least twice in March 2016 and at least once after April 27, 2016.

ANALYSIS

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege facts sufficient to state a plausible claim for relief. *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 826-27 (7th Cir. 2015). The court is not bound to accept alleged legal conclusions. *Id.*

Hassert attempts to bring a claim under the TCPA, which Congress passed to protect individuals' privacy rights while allowing "legitimate telemarketing practices." 47 U.S.C. § 227. The TCPA prohibits, among other things, calling cell phones using an autodialer. Hassert's complaint states a claim for relief under the original version of the TCPA. But in 2015, Congress amended the TCPA so that it prohibits autodialed calls to cell phones *except*

2

when the "call is made solely to collect a debt owed to or guaranteed by the United States."

Bipartisan Budget Act of 2015, Pub. L. 114-74, § 301. Navient contends that all FFEL loans are debts "owed to or guaranteed by the United States" because the U.S. Department of Education is ultimately responsible to the lenders of FFEL loans, so Navient's calls to Hassert to service his FFEL loans, which occurred after the 2015 TCPA amendment, are not prohibited by the TCPA. To determine whether Hassert's complaint states a claim for relief, the court must determine whether his FFEL loans are debts "owed to or guaranteed by the United States."

The statute governing the FFEL program, 20 U.S.C. § 1078, generally refers to the "insurance program" under which the guaranty agencies insure loans made by lenders to student borrowers. The statute refers to the "guaranty agreements" under which the Department of Education will repay the guaranty agencies for their losses. Thus, under the plain language of the statute, federally guaranteed student loans are debts that are ultimately guaranteed by the United States, through the Department of Education. This appears to doom Hassert's TCPA claim.

Hassert argues that a Federal Communications Commission order implementing the 2015 TCPA amendment compels a different result. *See* In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 31 FCC Rcd. 9074 (2016). In this order, the FCC considered the meaning of the term "owed to or guaranteed by the United States." The FCC did not settle on a definition of the term, which depends on the context in which it is used. *Id*. at 9082-83. But it did conclude that for purposes of the TCPA the term does not include debts that are merely *insured* by the United States. *Id.* at n.54. Under the Hobbs Act, the FCC's orders relating to the TCPA are binding

3

on this court. *CE Design, Ltd. v. Prism Business Media, Inc.*, 606 F.3d 443, 446-50 (7th Cir. 2010) (citing 28 U.S.C. § 2342(1) and 47 U.S.C. § 402(a)). Thus, the TCPA prohibits autodialed calls made to collect debts that are merely insured by, but not guaranteed by, the United States. *Id.*

But this point does not carry the day for Hassert, who would have to show that the Department of Education is a mere insurer of FFEL student debt, and not a guarantor. Although the role of insurer and guarantor are similar, and the terms are sometimes used almost interchangeably, the role of the Department of Education is generally described in the pertinent statute as that of guarantor. *See, e.g.*, 20 U.S.C. § 1078(c)(2)(C) (describing "any loan insured under the loan insurance program as may be guaranteed by" the Department of Education). Likewise in Department of Education regulations concerning the FFEL program. *See, e.g.*, 34 C.F.R. § 682.100(b)(2) (stating that the department "guarantees lenders against losses" on loans made under the "Federal Insured Student Loan" program, which is among the loan programs that the department refers to as "Federal Guaranteed Student Loan" programs). And also likewise with courts describing the FFEL program. *See, e.g.*, *Bible*, 799 F.3d at 640 ("Because of the reinsurance commitment, the federal government serves as the ultimate guarantor on each loan.").

Hassert also argues that the FCC order saves his claim by narrowing the scope of the 2015 TCPA amendment to calls made to collect on only those debts "currently" owed to or guaranteed by the United States. Hassert argues that because he alleges Great Lakes Higher Education Guaranty Corporation is the guarantor of his FFEL loans, the Department of Education does not *currently* guarantee the debt. But in its order, the FCC made clear that the modifier "currently" is meant to exclude (1) debts that have been satisfied and (2) debts for

4

which the United States has transferred the right to repayment to a third party. *See* 31 FCC Rcd. 9074, 9083. Under the FCC's definition, Hassert's loans are currently guaranteed by the United States, even if Great Lakes Higher Education Guaranty Corporation has not yet turned to the Department of Education for payment.

The court concludes that the Department of Education is a guarantor of Hassert's FFEL loan. Because FFEL loans are debts "guaranteed by the United States," calls made to collect these debts are not prohibited by the TCPA after the 2015 amendments. Hassert's complaint does not state a claim for relief under the TCPA.

Hassert asks that the court allow him the opportunity to amend his complaint to correct any deficiencies. But Hassert has not explained how any amendment could cure the fundamental flaw in his complaint. And Hassert has already had a chance to do so: Navient asserted a defense based on the 2015 amendment of the TCPA, Dkt. 10 (fourteenth affirmative defense), after which Hassert filed his amended complaint, Dkt. 15. As a result of the 2015 amendments, the autodialed calls about which Hassert complains are simply beyond the reach of the TCPA.

The court will deny leave to amend when the amendment would be futile, as it appears to be here. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015).

ORDER

IT IS ORDERED that defendant's motion is granted and this case is dismissed with

prejudice.

Entered January 5, 2017.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge