**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

ISMAEL CEDENO,

     Plaintiff,

v.                            CASE NO.:  0:16-CV-61049-UU

NAVIENT SOLUTIONS, INC.,

     Defendant.

_____/

## PLAINTIFF'S MOTIONS IN LIMINE

Plaintiff, Ismael Cedeno, by and through his undersigned counsel and pursuant to the Scheduling Order of this Honorable Court [Doc. 14], files these instant Motions in Limine and further states as follows:

### I. Introduction and Legal Authority

The Federal Rules of Evidence provide, generally, that "[p]reliminary questions concerning […] the admissibility of evidence shall be determined by the court […]" for the purpose of securing fairness, eliminating unjustifiable expenses, and delay and promoting development of the law of evidence, to the end that truth may be ascertained and proceedings justly determined. Fed. R. Evid. 102, 104.  Specifically, the Federal Rules of Evidence state that "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority" and that "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402.

Relevant evidence is defined as "evidence having any tendency to make the existence of

1

any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Rule 403 permits the exclusion of evidence, even if relevant, "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury…" Fed. R. Evid. 403. The court has broad discretion to determine whether evidence should be excluded under the Federal Rules of Evidence. *United States v. Acosta*, 769 F.2d 721, 723 (11th Cir. 1985) (stating that the standard of review for evidentiary rulings is abuse of discretion).

## II. Specific Requests for Exclusion

   a. <u>Exclude Any Reference to the Amount of Minimum Statutory Damages Under the TCPA.</u>

   Defendant may seek to introduce at trial the minimum amount of statutory damages that may be awarded to Plaintiff under 47 U.S.C. § 227(b)(3)(B) of the Telephone Consumer Protection Act (hereinafter "TCPA"). The statute provides as follows:

> "(3) PRIVATE RIGHT OF ACTION.—A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater."

47 U.S.C. § 227(b)(3)(B). Should a jury determine that a certain number of impermissible calls were made to Plaintiff's cellular telephone in violation of the TCPA, the jury would have no discretion in the amount of statutory damages to award, as the sum is fixed by the statute at $500 per unlawful call. As the Plaintiff is not seeking actual damages under the TCPA in this matter, the minimum statutory damages cannot aid the fact finder with respect to any aspect of the instant litigation. Further, permitting a jury to consider the minimum statutory damages would have no probative value and would seriously prejudice the Plaintiff. While the Defendant

may attempt to argue that such testimony may aid the fact finder as to determining the Plaintiff's motives for filing suit, this too would be irrelevant and prejudicial. Any discussion regarding minimum statutory damages should be excluded because its probabtive value is substantially outweighed by a risk of unfair prejudice to Plaintiff, and further, may mislead the jury and confuse the issues.  *See* Fed. R. Evid. 403.  Further, any arguments that suggest information as to the minimum statutory damages are necessary for the jury to issue an award is nonsensical.  The jury simply needs to decide how many calls, if any, were placed to Plaintiff without his prior express consent.

As the calculation of statutory damages for violations of the TCPA is formulaic and not discretionary (i.e., the number of calls multiplied by $500.00), the only effect of a jury hearing the dollar value per violation is to prejudice the plaintiff, or confuse the issues and mislead the jury. Therefore the Plaintiff requests that the Court issue an order enjoining the Defendant from introducing evidence, testimony or otherwise referencing the minimum statutory damages provided by the TCPA.

b. <u>Exclude Any Reference to the Court's Discretion to Treble Damages Under the TCPA for Willful or Knowing Violations.</u>

Any discussion regarding the discretion provided by the TCPA for a Court to treble damages for willful or knowing violations of the TCPA should be excluded because its probabtive value is substantially outweighed by a risk of unfair prejudice to Plaintiff, and further, may mislead the jury and confuse the issues.  *See* Fed. R. Evid. 403.  The determination whether a violation is "willful or knowing" is a question of fact to be determined by the jury; the discretion in increasing "the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B)" should remain with the Judge. Because the jury is

only asked to decided how many, if any, calls were made in knowing or willful violation, any discussion as to the discretion of the Court to increase the amount of damages awarded is irrelevant, and only likely to confuse or mislead the jury in its determination of willful or knowing violations.

The District Court in *U.S. ex rel. Laymon v. Bombardier Transp. (Holdings) USA, Inc.* surveyed the prevailing opinions of circuit courts across the country finding that as a general rule, that it is error to instruct a jury as to treble damages, attorneys fees, or other court-determined awards that might corrupt the jury's damage determination. *Laymon*, 656 F. Supp. 2d 540, 547–48 (W.D. Pa. 2009); *citing Gulfstream III Assocs., Inc. v. Gulfstream Aerospace Corp.,* 995 F.2d 425, 433 (3d Cir. 1993) (treble damages in an antitrust case); *Pollock & Riley, Inc. v. Pearl Brewing Co.,* 498 F.2d 1240, 1242 (5th Cir. 1974) (same); *Liquid Air Corp. v. Rogers,* 834 F.2d 1297, 1308 n. 7 (7th Cir.1987) (statutory penalties in a RICO case); *Brooks v. Cook,* 938 F.2d 1048 (9th Cir.1991) (attorney fees under 42 U.S.C. § 1988); *see also Spencer v. Wal–Mart Stores, Inc.,* 469 F.3d 311, 315 (3d Cir. 2006) (back pay in a Title VII discrimination case is to be determined by the court). Plaintiff would argue that just as the *Laymon* court found that as the rationale of those cited cases applied to the case before it, this same rational should be applied by this Court in prohibiting Defendant from attempting to show, state, argue, or make any other sort of reference, even in conjecture, regarding the ability for the Court to treble damages pursuant to the TCPA.

c.  Exclude Any Reference to the Technical Capabilities of Defendant's Automated Telephone Dialing System.

The Parties have stipulated that Defendant's calls to Plaintiff were placed using an automatic telephone dialing system. Therefore, any testimony regarding the telephone

system's specifications does not make a fact of consequence more or less probable, and such discussion regarding a dialer's "capacity" is likely to mislead or confuse the jury.

As the parties have stipulated that the calls were placed using an automated telephone dialing system, testimony or evidence regarding the specifics of the system would waste time and confuse the issues. Defendant should be barred from attempting to show, stating, arguing, or offering in evidence anything regarding the capabilities or technical specifications of the automated telephone dialing system used, or otherwise suggesting that the automated telephone dialing system used by Defendant does not meet the technical specifications contemplated by the TCPA.

d. Exclude Any Reference to Availability of Attorney's Fees Under the FCCPA or FDCPA.

At the end of the case, if Plaintiff prevails on his claims under the FCCPA and/or FDCPA, the Court must determine how much to award Plaintiff in costs and attorneys' fees. The amount of the award is a determination solely for the Court; there is no jury issue. Defendants should be precluded from mentioning or suggesting that Plaintiff will or may get paid money for costs and attorney's fees. It is unrelated to all issues before the jury, and its introduction could mislead or confuse the jury or unfairly prejudice Plaintiff's case. Fed. R. Evid. 401, 403.

The danger of permitting the jury to hear evidence of attorney's fees was discussed by the Ninth Circuit Court of Appeals in *Brooks v. Cook*, 938 F.2d 1048, 1050 (9th Cir. 1991). In that case, a civil rights action brought under 42 U.S.C. § 1983, the court of appeals held:

> In a case where the Plaintiff is entitled to compensatory damages, informing the jury of the Plaintiff's potential right to receive attorney's fees might lead the jury to offset the fees by reducing the damage award. Even more troubling, however, is the case where actual damages are small or non-existent. When damages are

5

nominal, there is a risk that the jury may believe that the 'harm' does not justify the payment of a large fee award. The jury may thus decide to find for Defendant rather than allow the Plaintiffs' attorney to recover fees.

*Id.*

There can be little debate that counsels' fee arrangement with its client is in itself not relevant to the merits of the claims. Moreover, courts have long recognized the potential for prejudice in permitting reference at trial to the type of fee arrangement plaintiffs have with their counsel. *See, e.g., Ward v. Estaleiro Itajai S/A* No. 05-61821, 2008 WL 1749475 at, *2 (S.D. Fla. Apr. 10, 2008) (granting plaintiffs motion to exclude evidence of attorney's fees); *Allred v. Corrections Corp. of America, Inc.* No. CV-03-2343-PHX-DGC, 2006 WL 6225070 (D. Ariz. Jan. 31, 2006) (barring defendants from mentioning that case is being handled on a contingent basis); *Miller v. Ford Motor Co.*, No. 01-545-FTM-29DNF, 2004 WL 4054843 (M.D. Fla., July 22, 2004) (granting *in limine* motion to exclude evidence of contingent fee arrangement between plaintiff and their attorneys). Accordingly, any such argument or evidence should be excluded.

As such, this Court should enter an order enjoining the Defendant from introducing any evidence related to the availability of an award of costs and attorney's fees. Such reference has no probative value and clearly would be for the sole purpose of unfair prejudice, confusing the issues, and misleading the jury.

e. Exclude Any Reference to or Evidence Of Plaintiff's Alleged Debt.

Any issues related to indebtedness have no place in this trial. With respect to the TCPA, facts surrounding whether or not Plaintiff owes a debt, and the amount and status of that debt are wholly irrelevant. In *Lee v. Gulf Coast Collection Bureau, Inc.*, the Court granted Plaintiff's Motion in Limine. No. 8:13-cv-2276 (M.D. Fla. February 18, 2015). The Court found that the

three things that the jury needed to determine were: "(1) whether Defendant violated the TCPA; (2) how often the violation occurred (if at all); and (3) whether any of the violations were willful." *Id.*  Evidence of whether Plaintiff owes a debt, as well as Plaintiff's motive for filing the instant lawsuit, are irrelevant to (1) whether Defendant violated the TCPA; (2) how often the violation occurred; and (3) whether any of the violations were willful.

Further, Defendants are required to comply with the FCCPA and FDCPA whether or not any debt is owed.  *See* Fla. Stat. §§ 559.55 (2), 15 U.S.C. § 1692a(3),(5),(6). The existence or validity of an underlying debt is not material. *See McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992); *Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982); *Desmond v. Accounts Receivable Management, Inc.*, 72 So.3d 179, 181 (Fla. 2d DCA 2011).   Defendant should not be allowed to examine or refer to the underlying debt, other than to acknowledge that there was a debt allegedly owed, nor to the fact that the debt may still be owed, nor should they be permitted to refer to any other debts allegedly owed by plaintiff, either now or in the past. If Defendant addresses these issues, they will only serve to prejudice and confuse the jury with regard to the legal issues in this case.  Whether or how much Plaintiff actually owed on the debt is not a factor in the jury's deliberations.

f. Exclude Any Reference or Evidence of Exemption by the Bipartisan Budget Act of 2015.

To the extent Defendant's affirmative defense argued in its Motion for Partial Summary Judgment regarding the Bipartisan Budget Act of 2015 has not yet been extinguished by this Court prior to trial, any reference or evidence regarding this issue should be excluded because its probabtive value is substantially outweighed by a risk of unfair prejudice to Plaintiff, and further, may mislead the jury and confuse the issues.  *See* Fed. R. Evid. 403.  As was fully briefed in the

Plaintiff's response to Defendant's motion for summary judgment, the Bipartisan Budget Act of 2015 specifically called upon the FCC to make regulations to implement the relevant amendments to the TCPA. [Doc. 39, p. 3–6].  Furthermore, the regulations promulgated by the FCC to implement these changes made it clear that the provision allowing government-related collectors to make calls without prior express consent has yet to take effect. Defendant's only response to these regulations, namely its assertion that the law applies "as written" because the regulations have not taken effect, is illogical. Not only are these FCC regulations only days away from being effective, the FCC regulations are clearly effective now to the extent they make it clear that no calls may yet be made under the amendments to the TCPA.

Allowing Defendant to mention or present any evidence related to its affirmative defense related to the Bipartisan Budget Act of 2015 would further serve to prejudice the Plaintiff and confuse or mislead the jury, as it is clearly a question of law best addressed by this Court.  Ultimately, it would impose an impermissible question of law that invades the province of the jury as the trier of fact and this court in instructing the jury on the applicable law. Therefore, Plaintiff respectfully requests that the Court issue an order barring the Defendant from introducing evidence, testimony or otherwise referencing its affirmative defense related to the Bipartisan Budget Act of 2015.

g. <u>Exclude Any Reference or Evidence of Preemption by the Higher Education Act of 1965.</u>

To the extent Defendant's affirmative defense argued in its Response to Plaintiff's Motion for Partial Summary Judgment regarding the Higher Education Act of 1965 ("HEA") has not yet been extinguished by this Court prior to trial, any evidence supporting this issue should be excluded because its probabtive value is substantially outweighed by a risk of unfair prejudice

to Plaintiff, and further, may mislead the jury and confuse the issues.  *See* Fed. R. Evid. 403.  As was fully briefed in Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Partial Summary Judgment [Doc. 63, p. 9-10], even if Defendant was a guaranty agency for the alleged debt at issue, courts have repeatedly held that guaranty agencies are not *per se* exempt from federal and state laws which aim to curtail harassing and abusive collection practices. *See Rowe v. Educ. Credit Mgmt Corp.*, 559 F.3d 1028, 1036 (9th Cir. 2009).[1]  Defendant's campaign of almost 800 harassing robocalls in this case are in stark contrast to the HEA's requirement cited by Defendant that they "engage in reasonable and documented collection activities," as its conduct directed towards Plaintiff is far beyond the realm of reasonableness. As such, no federal objectives come anywhere near at risk to being impaired by application of the FCCPA.

Allowing Defendant to mention or present any evidence related to its affirmative defense related to the Bipartisan Budget Act of 2015 would further serve to prejudice the Plaintiff and confuse or mislead the jury, as it is clearly a question of law best addressed by this Court.  Ultimately, it would impose an impermissible question of law that invades the province of the jury as the trier of fact and this court in instructing the jury on the applicable law. Therefore, Plaintiff respectfully requests that the Court issue an order barring the Defendant from introducing evidence, testimony or otherwise referencing its affirmative defense related to the Higher Education Act of 1965.

---

[1] "We hold that while a 'guaranty agency' owes a fiduciary obligation to the DOE under the HEA, the collection activity alleged in this case was not "incidental to" that obligation within the meaning of the FDCPA because the defendant acted solely as a collection agent." *Rowe*, 559 F.3d at 1036.

### III. Conclusion

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that his aforementioned Motions In Limine be granted and any other relief the Court deems just and proper.

<u>RULE 7.1(a)(3) CERTIFICATE</u>

In accordance with Local Rule 7.1(a)(3), the undersigned certifies that he has conferred with Defendant's counsel regarding the aforementioned Motions in Limine.  Defendant <u>does not</u> oppose the relief requested with regard to: (c) discussion about the technical capabilities of Defendant's automated telephone dialing system; however, the Defendant <u>does</u> oppose the relief requested with regard to excluding: (a) any reference to the amount of minimum statutory damages under the TCPA, (b) any reference to the Court's discretion to treble damages under the TCPA for willful and knowing violations, (d) any reference to availability of attorney's fees under the FCCPA or FDCPA, (e) reference to or evidence of the alleged debt, (f) any reference or evidence of exemption by the Bipartisan Budget Act of 2015, and (g) any reference or evidence of preemption by the Higher Education Act of 1965.

Respectfully submitted,

*/s/ Stefan A. Alvarez, Esq.*
Stefan A. Alvarez, Esq.
Florida Bar No. 100681
Stefan@TheConsumerProtectionFirm.com
William Peerce Howard, Esq.
Florida Bar No. 0103330
Billy@TheConsumerProtectionFirm.com
The Consumer Protection Firm, PLLC
210 A South MacDill Avenue
Tampa, FL 33609
Tele: (813) 500-1500
Fax: (813) 435-2369
Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 13th day of January, 2017, a true and correct copy of

the foregoing has been electronically filed with the Clerk of the District Court using the CM/ECF

system, which will provide electronic notice of the filing to all counsel of record.

*/s/ Stefan A. Alvarez*
Stefan A. Alvarez, Esq.
Florida Bar No. 100681

11