IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ISMAEL CEDENO,<br><br>        Plaintiff,<br><br>v.<br><br>NAVIENT SOLUTIONS, INC.,<br><br>        Defendant. | No. 0:16-cv-61049-UU |

**DEFENDANT NAVIENT SOLUTIONS, INC.'S MOTION IN LIMINE**

Defendant Navient Solutions, Inc. ("NSI"), by its attorneys, pursuant to Federal Rule of Evidence 403, moves the Court for an order *in limine* barring plaintiff Ismael Cedeno ("Cedeno") from introducing evidence of past complaints against NSI, using other clients of his counsel as witnesses or introducing evidence of NSI's net worth, and states as follows:

**I.     Introduction**

Cedeno brings claims against NSI for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (the "TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, et seq. ("FCCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). During discovery, NSI produced to Cedeno four years' worth of prior complaints against NSI alleging violations of these statutes. Additionally, opposing counsel has represented several plaintiffs who have sued NSI on similar claims. Very simply, Cedeno should not be permitted to introduce these complaints at trial or present other clients as witnesses because the probative value of doing so is substantially outweighed by the danger of unfair prejudice against NSI. Likewise, the Court should exclude any mention or argument regarding NSI's net worth, or that NSI is a large or wealthy company, or any attempt

to contrast NSI's financial status with Cedeno's. The probative value of such information is also outweighed by the danger of unfair prejudice to NSI.

## II. Argument

### A. Legal Standard

"A motion in limine presents a trial court with pretrial issues regarding admissibility of evidence that a party is likely to present at trial." Soto v. Geico Indem. Co., No. 6:13-cv-181-Orl-40KRS, 2014 U.S. Dist. LEXIS 98699, at *3 (M.D. Fla. July 21, 2014) (citing Stewart v. Hooters of Am., Inc., No. 8:04-cv-40-T-17-MAP, 2007 U.S. Dist. LEXIS 44053, at *1 (M.D. Fla. June 18, 2007)). The "purpose of a [m]otion in [l]imine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably [a]ffect the fairness of the trial." Id. (citing Stewart, 2007 U.S. Dist. LEXIS 44053, at *2).

The Federal Rules of Evidence deem evidence relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." FED. R. EVID. 401(a) & (b). Relevant evidence is admissible except where otherwise provided by the Constitution of the United States, a federal statute, the Federal Rules of Evidence or other rules prescribed by the Supreme Court. FED. R. EVID. 402. However, a court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time or needlessly presenting cumulative evidence." FED. R. EVID. 403.

### B. Rule 403 Precludes Cedeno From Introducing Prior Complaints Or Other Plaintiffs Against NSI.

The probative value of prior complaints against NSI, or the testimony of other plaintiffs, is non-existent, as neither will add anything to Cedeno's ability to prove his claims. Instead, the

evidence that would relate to his claims is simple and narrow.  To prove his TCPA claim, Cedeno must demonstrate that NSI contacted him without the requisite "prior express consent" and using an autodialer.  Meanwhile, on the FCCPA and FDCPA claims, Cedeno must show that the calls somehow were harassing or abusive.  Prior complaints against NSI, or the testimony of other plaintiffs, would do nothing to assist Cedeno in proving these claims, which turn entirely on NSI's actions as they pertain to its servicing of Cedeno's delinquent student loans, and not any other person's.

In response to this Motion, Cedeno likely will argue that prior complaints, or other plaintiffs, go to the issue of willfulness under the TCPA.  Given the Eleventh Circuit's willfulness standard, however, this argument fails.  "The requirement of 'willful[] or knowing[]' conduct requires the violator to know he was performing that conduct that violates the statute." Lary v. Trinity Physician Fin. & Ins. Servs., 780 F.3d 1101, 1107 (11th Cir. 2015).  This standard requires a detailed inquiry into the alleged violator's conduct as it pertains to the calls at issue.  See Brown v. Account Control Tech., Inc., No. 0:13-62765-CIV-DIMITROULEAS, 2015 U.S. Dist. LEXIS 180605, at *10 (S.D. Fla. Jan. 15, 2015) (denying summary judgment on willfulness because it was "unclear whether the agents actually saw [the] information, and to what extent such information on the [system] interface suggested that the number was linked to a cell phone").  In other words, the existence of prior actions against NSI will not assist Cedeno in proving the issue of willfulness.

Meanwhile, the unfair prejudice to NSI is obvious.  Unfair prejudice under Rule 403 "means an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one."  Haught v. U. S. Eng'g Contrs. Corp., No. 07-80436-CIV-RYSKAMP/VITUNAC, 2009 U.S. Dist. LEXIS 2255 (S.D. Fla. Jan. 6, 2009) (quoting FED. R.

EVID. 403).  Here, prior complaints and other plaintiffs would have an undue tendency to suggest a decision based on NSI's alleged conduct as to other persons, rather than the conduct at issue in this matter.  Moreover, introduction of prior complaints, or other plaintiffs' testimony, would be especially prejudicial given that many of these prior actions were ultimately meritless.  Further, and in any event, the number of complaints filed against NSI is a measure of the size of its business, not of willful disregard for the law.  Put simply, the introduction of prior complaints and other plaintiffs would paint an unfair picture of NSI, and would prejudice NSI's ability to fairly defend itself.

### C. Rule 403 Precludes Cedeno From Introducing Evidence Regarding NSI's Net Worth.

NSI's net worth does not have any probative value in this matter, either.  Moreover, the general rule is that, during trial, no reference should be made to the wealth or poverty of a party, nor should the financial status of one party be contrasted with the others." Brough v. Imperial Sterling Ltd., 297 F.3d 1172, 1178 (11th Cir. 2002).  Indeed, admitting evidence of a party's wealth or poverty constitutes "great prejudice." Id.; see also Gordon v. Wal-Mart Supercenter, No. 08-00527-CG, 2009 U.S. Dist. LEXIS 106601, *9 (S.D. Ala. Nov. 12, 2009).  Accordingly, the Court should bar Cedeno from making any mention or argument regarding NSI's net worth, or that NSI is a large or wealthy company, or any attempt to contrast NSI's financial status with his own.

### III. Conclusion

NSI requests that the Court grant the Motion in its entirety.

### CERTIFICATE OF GOOD FAITH CONFERENCE

CHICAGO/#2936564.2

The undersigned attorney certifies that this motion is filed in compliance with S.D. Local rule 7.1(a)(3), in that on January 13, 2017 the movant conferred by electronic mail with Plaintiff's counsel, and he opposes the instant motion.

Respectfully submitted,

By:   /s/Rachel A. Morris
One of Her Attorneys

Rachel A. Morris, Esq.
Florida Bar No. 0091498
Dayle M. Van Hoose, Esq.
Florida Bar No. 0016277
SESSIONS, FISHMAN, NATHAN &
ISRAEL, L.L.C.
3350 Buschwood Park Drive, Suite 195
Tampa, FL 33618
Telephone: (813) 890-2469
Facsimile: (866) 466-3140
rmorris@sessions.legal
dvanhoose@sessions.legal

## CERTIFICATE OF SERVICE

I certify that on this 13th day of January 2017, a copy of the foregoing was filed electronically in the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system or U.S. First Class Mail including plaintiff's counsel as described below.  Parties may access this filing through the Court's system.

William P. Howard, Esq.
Stefan A. Alvarez, Esq.
The Consumer Protection Firm
210-A South MacDill Avenue
Tampa, FL 33609

/s/ Rachel A. Morris
Attorney