UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ISMAEL CEDENO,

    Plaintiff,

v.                                                                CASE NO.: 0:16-CV-61049-UU

NAVIENT SOLUTIONS, INC.,

    Defendant.
_____/

**JOINT PROPOSED JURY VERDICT FORM**

WE, THE JURY, return the following verdict:

**Count I – Violation of the Telephone Consumer Protection Act ("TCPA")**

**Question 1**. Did Defendant, NAVIENT SOLUTIONS, INC., place telephone calls to Plaintiff's cellular telephone after he revoked his consent?

                              YES _____

                              NO _____

If your answer to Question 1 is "Yes", please proceed to number Question 2. If your answer to Question 1 is "No," then proceed to Question 5.

**Question 2**. How many times did Defendant, NAVIENT SOLUTIONS, INC., place non-emergency telephone calls to Plaintiff ISMAEL CEDENO's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent?

                          Number of calls placed _____

                          Proceed to Question 3

***PLAINTIFFS' PROPOSED*** **Question 3**. Did the Defendant, NAVIENT SOLUTIONS, INC., willfully or knowingly place non-emergency telephone calls to Plaintiff ISMAEL CEDENO's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent?

YES _____

NO _____

If your answer is "YES", proceed to Number 4. If your answer is "NO", proceed to Number 5.

**Question 4**. How many times did NAVIENT SOLUTIONS, INC. place calls to Plaintiff ISMAEL CEDENO's cellular telephone in such a way so as to willfully or knowingly violate the TCPA?

Number of calls placed willfully or knowingly _____

Proceed to Number 5.

**Count II – Violation of the Florida Consumer Collection Practices Act ("FCCPA")**

**Question 5**. Do you find by a preponderance of the evidence that the debt which Defendant NAVIENT SOLUTIONS, INC. sought to collect from Plaintiffs was a "consumer debt" as defined by the FDCPA and FCCPA?

YES _____

NO _____

If your answer to Question 5 is "No," then your verdict on Counts II and III – Violation of the FDCPA and FCCPA – is for Defendant, NAVIENT SOLUTIONS, INC., and you should not answer questions 6 through 12, and proceed to Question 15. If your answer to Question 5 is "Yes," then answer Question 6.

**Question 6**. Do you find by a preponderance of the evidence that Defendant, NAVIENT SOLUTIONS, INC., willfully communicated with Plaintiffs with such frequency as can reasonably be expected to harass them, or willfully engaged in other conduct which can reasonably be expected to abuse or harass them in violation of Fla. Stat. § 559.72(7)?

YES  _____

NO  _____

**Question 7**. Do you find by a preponderance of the evidence that Defendant, NAVIENT SOLUTIONS, INC., claimed, attempted, or threatened to enforce a debt as to Plaintiffs when Defendant knew that the debt was not legitimate, or asserted the existence of some other legal right when Defendant knew the right did not exist, in violation of Fla. Stat. § 559.72(9)?

YES  _____

NO  _____

If you answered "No" to Questions 6 and 7, then your verdict on Count II - Violation of the FCCPA– is for Defendant, NAVIENT SOLUTIONS, INC., and you should not answer questions 8 and 9, and proceed to Question 10. If you answered "Yes" to any of the Questions from 5 through 7, then proceed to answer Questions 8 and 9.

**Question 8.** What amount between $1.00 and $1,000.00 do you find the Plaintiffs are entitled to recover as to statutory damages pursuant to the FCCPA?

$_____

**Question 9.** What is the amount of actual damages, if any, Plaintiffs are entitled to recover under the FCCPA?

$_____

### Count III – Violation of the Fair Debt Collection Practices Act ("FDCPA")

**Question 10.** Is Defendant, Navient Solutions, Inc., a debt collector?

YES_____                         NO _____

Proceed to Number 11.

**Question 11.** Did the Defendant, Navient Solutions, Inc., violate FDCPA §1692(d) by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, Ismael Cedeno, in the connection with the collection of a debt?

    YES_____        NO _____

Proceed to Number 12.

**Question 12.** Did the Defendant, Navient Solutions, Inc., violate FDCPA §1692(d)(5) by cause a telephone to ring or engage any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff, Ismael Cedeno?

    YES_____        NO _____

Proceed to Number 13.

**Question 13.** Did the Defendant, Navient Solutions, Inc, violate FDCPA §1692(f) by using unfair or unconscionable means to collect any debt from Plaintiff, Ismael Cedeno?

    YES_____        NO ____

If your answer to questions 10 and 11, 12 or 13 is "YES," please answer questions 14 and 15.

**Question 14.** What amount between $1.00 and $1,000.00 do you find the Plaintiff, Ismael Cedeno, is entitled to recover as to statutory damages pursuant to the FDCPA?
  In determining the amount of statutory damages the jury shall consider:
  (a) the nature of the Defendants' noncompliance with Florida Statute §559.72,
  (b) the frequency and persistence of such noncompliance; and,
  (c) the extent to which such noncompliance was intentional.
    $_____

**Question 15.** What is the amount of actual damages Plaintiff, Ismael Cedeno, is entitled to recover for pain and suffering, mental anguish, inconvenience, aggravation of a disease or physical defect or loss of capacity for the enjoyment of life?

$_____

### I:   INTERROGATORY

**Question 16**. Do you find by clear and convincing evidence that Defendant NAVIENT SOLUTIONS, INC. was guilty of intentional misconduct or gross negligence, which was a substantial cause of loss, injury or damage to Plaintiff:

YES   _____

NO    _____

If your answer to Question 16 is "Yes", please proceed to number Question 17. If your answer to Question 16 is "No," then you should STOP and do not answer Question 17, and proceed to the instructions at the bottom of this page for completing the Final Verdict Form.

**Question 17**. What is the total amount of punitive damages, if any, which you find, by the preponderance of the evidence, should be assessed against the Defendant, NAVIENT SOLUTIONS, INC.?

$_____

If you answered "No" to the Question 16, this amount should be "$0".

### **FINAL VERDICT**

A.   _____(check) **WE THE JURY FIND IN FAVOR OF PLAINTIFF, ISMAEL CEDENO:**

(1)   _____ (number) of calls in violation of the TCPA. The court will thereafter determine the amount of damages per call.

(2)   Statutory Damages in the Amount of $_____under the FCCPA.

(3)   Statutory Damages in the Amount of $_____under the FDCPA.

(4)     Actual Damages in the Amount of $_____ under the FCCPA.

(5)     Actual Damages in the Amount of $_____ under the FDCPA.

(6)     Punitive Damages in the Amount of $_____.

B.     _____(check) **WE THE JURY FIND IN FAVOR OF DEFENDANT, NAVIENT SOLUTIONS, INC. LOAN SERVICING, LLC**

SO SAY WE ALL this_____day of_____, 2017.

```
                                        _____
                                              FOREPERSON
```