UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-61049-CIV-OTAZO-REYES

[CONSENT CASE]

ISMAEL CEDENO,

        Plaintiff,

v.

NAVIENT SOLUTIONS, INC.,

        Defendant.
_____/

## ORDER ON CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Defendant Navient Solutions, Inc.'s ("Defendant" or "NSI") Motion for Partial Summary Judgment [D.E. 32] and Plaintiff Ismael Cedeno's ("Plaintiff" or "Cedeno") Motion for Partial Summary Judgment [D.E. 51]. For the reasons stated below, the Court GRANTS IN PART Defendant's Motion for Partial Summary Judgment as to Count III of the Complaint, and otherwise DENIES both Motions for Partial Summary Judgment.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff commenced this action on May 17, 2016 by filing a Complaint against Defendant wherein he alleges that he is a "consumer," an "alleged debtor," and the "called party;" and that Defendant is a "debt collector" who "attempted to collect a debt from the Plaintiff by [a] campaign of telephone calls." See Compl. [D.E. 1 at 2-3].

Plaintiff further alleges that after Defendant started calling him on his cellular telephone number, "due to a ceaseless barrage of daily calls," he "demanded that Defendant cease placing calls to his . . . cellular telephone number." Id. at 4. Plaintiff further alleges that, after Defendant

1

continued to call his cellular telephone number, he informed the caller that he had previously asked that Defendant stop calling him and demanded again that the calls stop. Id. at 5.

Plaintiff asserts the following claims against Defendant:

Count I:   Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq* ("TCPA").

Count II:  Violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA")

Count III: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

Id. at 6-8.

The parties have stipulated to the following facts with regard to Defendant's telephone calls to Plaintiff's cellular telephone number:

1. Between September 14, 2014 and May 18, 2016, NSI made a total of 756 telephone calls to telephone number 754-366-4693.

2. NSI made 525 of the calls to telephone number 754-366-4693 after the conversation with Plaintiff on June 18, 2015.

3. NSI made 521 of the calls to telephone number 754-366-4693 after the conversation with Plaintiff on June 22, 2015.

4. For the purposes of this litigation only, NSI will not contest the calls to telephone number 754-366-4693 were made in either predictive or blast modes using predictive dialers, which the FCC [Federal Communications Commission] has concluded constitutes an "automatic telephone dialing system" (ATDS) as defined under the Telephone Consumer Protection Act (TCPA).

See Notice of Joint Stipulation [D.E. 73 at 1].

Defendant seeks partial summary judgment with regard to Plaintiff's TCPA claim. According to Defendant, the calls it made to Plaintiff were in connection with his federal student loans and Defendant is not liable for calls made after November 2, 2015, the effective date of an amendment that exempts calls "made solely to collect a debt owed or guaranteed by the United

2

States." 47 U.S.C. § 227(b)(1)(A)(iii). Defendant also seeks judgment as a matter of law with regard to Plaintiff's FDCPA claim on the grounds that it is not a "debt collector" within the meaning of that statute.

In turn, Plaintiff seeks a judgment of liability as to the 525 calls made by Defendant after June 18, 2015, or, in the alternative, the 521 calls made after June 22, 2015, on the grounds that on those occasions Plaintiff revoked his prior consent to be called; and further requests summary judgment that such calls were "willful or knowing" thereby entitling him to treble damages of $1,500 per call. Finally, Plaintiff seeks judgment as a matter of law with regard to his FCCPA claim.

## THE TCPA CLAIM

### 1.   *TCPA: post-amendment statute and regulations*

The TCPA as amended on November 2, 2015 provides, in pertinent part, with respect to cellular telephones:

(b) Restrictions on use of automated telephone equipment

   (1) Prohibitions

   It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

   **(A)** to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

   \*\*\*

   **(iii)** to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States.

   \*\*\*

>   (2) Regulations; exemptions and other provisions.
>
>   The [Federal Communications] Commission shall prescribe regulations to implement the requirements of this subsection. In implementing the requirements of this subsection, the Commission—
>
>   \*\*\*
>
>   (H) may restrict or limit the number and duration of calls made to a telephone number assigned to a cellular telephone service to collect a debt owed to or guaranteed by the United States.

47 U.S.C. §§ 227(b)(1)(A), (b)(2)(H) (effective Nov. 2, 2015).

Section 301 of the Bipartisan Budget Act of 2015, which amended the TCPA to exempt calls "made solely to collect a debt owed to or guaranteed by the United States," directed the Federal Communications Commission ("FCC") to "prescribe regulations to implement the amendments made" by Section 301 within nine months of enactment and authorized the FCC to adopt rules to "restrict or limit the number and duration" of these newly permitted calls. Bipartisan Budget Act of 2015, Pub. L. No. 114-74, § 301, 129 Stat. 584, 588 (2015).

On May 6, 2016, the FCC issued a Notice of Proposed Rulemaking, stating that, pursuant to the Budget Act amendment:

>   TCPA now explicitly *do not* make it unlawful for anyone to make autodialed, artificial-voice, or prerecorded-voice calls to both wireless phones and residential landline phones, without the prior express consent of the called party, if the calls are "made solely to collect a debt owed to or guaranteed by the United States."

In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, CG Docket No. 02-278, 2016 WL 2759146, ¶ 4 (F.C.C. May 6, 2016).

On August 11, 2016, the FCC released a Report and Order interpreting the scope of the calls "made solely to collect a debt owed to or guaranteed by the United States," and adopting certain restrictions on the number and duration of such federal debt collection calls. In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, CG Docket

4

No. 02-278, 2016 WL 4250379, ¶ 1 (F.C.C. Aug. 11, 2016). The FCC's Report and Order provides that it "shall become effective 60 days after the [FCC]'s publication of a notice in the *Federal Register*, which will announce approval of portions of the rules requiring approval by [Office of Management and Budget] under the [Paperwork Reduction Act]." Id. at ¶ 72. The Report and Order appeared as a final rule in the Federal Register on November 16, 2016. See Tel. Consumer Prot. Act of 1991, 81 Fed. Reg. 80594, 2016 WL 6745144 (Nov. 16, 2016).

2. ***Defendant is not entitled to partial summary judgment as to the calls made to Plaintiff after November 2, 2015***

As noted above, Congress amended the TCPA to exempt the prior consent requirement for cellular telephone autodialed calls "made solely to collect a debt owed to or guaranteed by the United States." 47 U.S.C. § 227(b)(1)(A)(iii). However, Congress also authorized the FCC to "restrict or limit the number and duration" of such calls. 47 U.S.C. § 227(b)(2)(H). Therefore, the issue of whether Defendant's post-November 2, 2015 calls to Plaintiff related to his student loans violated the TCPA must be determined in light of the FCC's Report and Order, which became final on November 16, 2016. Hence, Defendant is not entitled to judgment of non-liability as a matter of law for all of its post-November 2, 2015 calls.[1]

3. ***Plaintiff is not entitled to partial summary judgment as to the 525 calls Defendant made to him after June 18, 2015 or, in the alternative, the 521 calls Defendant made to him after June 22, 2015 or a finding of willfulness.***

Plaintiff has submitted the recordings of the June 18 and 22, 2015 conversations to support his contention that the calls were made after he revoked his prior consent. See Ex. C to Plaintiff's Motion for Partial Summary Judgment [D.E. 59]. In the June 18th recording, Plaintiff states: "I don't want anybody to call me at this number." See Plaintiff's Motion for Partial

---

[1] Defendant's contention that the FCC's Report and Order cannot apply retroactively to the date of the Bipartisan Budget Act of 2015's amendment of the TCPA is misguided, given the express provision authorizing the FCC's rulemaking. 47 U.S.C. § 227(b)(2)(H).

5

Summary Judgment [D.E. 51 at 4]. In the June 22nd recording, Plaintiff states: "I'm making payments . . . Don't call me anymore. If you call me anymore, I'm going to report that you're harassing me. I'm at work right now." Id. The interpretation of these statements and whether or not they constitute oral revocations of prior consent are fact finding questions for the jury, not susceptible to resolution on summary judgment. See e.g., Alvarado v. Credit Prot. Ass'n, L.P., No. 8:14-cv-447-T-33TGW, 2015 WL 1815863, at *13 (M.D. Fla. Apr. 22, 2015) (factual dispute regarding revocation of prior consent could not properly be resolved on summary judgment); Soulliere v. Cent. Fla. Inv., Inc., No. 8:13-CV-2860-T-27AEP, 2015 WL 1311046, at *6 (M.D. Fla. Mar. 24, 2015) (Defendant was "not entitled to summary judgment because there [wa]s an issue of material fact as to whether and when [plaintiff] revoked whatever consent [defendant] might have had" and that the question of revocation of consent "should proceed to a jury."); Smith v. Markone Fin., LLC, No. 3:13-CV-933-J-32MCR, 2015 WL 419005, at *3 (M.D. Fla. Feb. 2, 2015) ("Disagreement over whether consent was orally revoked precludes summary judgment."); Brown v. Account Control Tech., Inc., No. 0:13-62765-CIV-DIMITROULEAS, 2015 WL 11181947, at *4 (S.D. Fla. Jan. 15, 2015) ("[T]he Court cannot go so far as to grant summary judgment to Plaintiffs as to liability under the TCPA" because "factual issues remain as to whether Plaintiffs' statements can be construed as either providing consent to receive further calls, revoking such consent, or as doing neither."); Walker v. Transworld Sys., Inc., No. 8:14-CV-588-T-30MAP, 2014 WL 7225212, at *3 (M.D. Fla. Dec. 17, 2014) ("[M]aterial issues of fact regarding Plaintiff's revocation of consent preclude summary judgment."); Gray v. Morgan Drexen, Inc., No. 2:13-CV-83-FTM-29DNF, 2014 WL 2573227, at *3 (M.D. Fla. June 9, 2014) (noting that the "Eleventh Circuit explained that a disagreement regarding if and when consent was orally revoked is 'exactly the kind of factual

6

dispute that cannot be properly resolved on summary judgment'") (quoting <u>Osorio v. State Farm Bank, F.S.B.</u>, 746 F.3d 1242, 1256 (11th Cir. 2014)); <u>Hitchman v. Nat'l Enter. Sys., Inc.</u>, No. 12-61043-CIV, 2014 WL 912363, at *3 (S.D. Fla. Mar. 10, 2014) ("This Court finds that genuine issues of material fact exist as to whether Plaintiff actually revoked her consent. As a result, neither party is entitled to summary judgment.")

Because Plaintiff is not entitled to summary judgment that the 525 calls Defendant made to him after June 18, 2015 or, in the alternative, the 521 calls Defendant made to him after June 22, 2015 violated the TCPA, he is also not entitled to judgment as a matter of law that Defendant engaged in willful violations of the statute.

## THE FDCPA CLAIM

Plaintiff's FDCPA claim is predicated on the following provisions of the statute:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> \*\*\*
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. § 1692d(5).

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

15 U.S.C. § 1692f.

Defendant seeks summary judgment on this claim on the grounds that it is not a "debt collector," which is defined in the statute as follows:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is

7

the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . . The term does not include—

\*\*\*

(F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

15 U.S.C. § 1692a(6).

The exception for "a debt which was not in default at the time it was obtained by such person" applies in this case based on the unrebutted declaration of Carl Cannon that "NSI began servicing [Plaintiff's consolidated student] Loan in at or near inception, when it was in good standing and prior to default." See Affidavit of Carl Cannon [D.E. 32-1 ¶ 5]. Therefore, Defendant is entitled to summary judgment as to Count III of the Complaint. See Jones v. InTuition, Inc., 12 F. Supp. 2d 775, 779 (W.D. Tenn. 1998) (defendant was not a "debt collector" because it began servicing the student loan at issue before default); Coppola v. Conn. Student Loan Found., No. CIV. A. N-87-398(JAC), 1989 WL 47419, at \*2 (D. Conn. Mar. 22, 1989) (finding that the student loan servicer was excluded from FDCPA's definition of "debt collector" because the debt was not in default when it began servicing the loan); Fischer v. Unipac Serv. Corp., 519 N.W.2d 793, 799-800 (Iowa 1994) ("[C]ollection efforts by holders of federally insured student loans or their servicing companies are simply not the kind of activity that Congress intended to regulate [under the FDCPA].") (citing Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985) ("The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or

an assignee of a debt, as long as the debt was not in default at the time it was assigned."), modified on other grounds, 761 F.2d 237 (5th Cir. 1985)).

## THE FCCPA CLAIM

Plaintiff's FCCPA claim is predicated on the following provisions of the statute:

In collecting consumer debts, no person shall:

\*\*\*

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

\*\*\*

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

Fla. Stat. § 559.72.

Plaintiff contends that he is entitled to judgment as a matter of law that Defendant violated the FCCPA based on the volume of calls placed by Defendant, arguing that the only reason for such volume was to harass him. However, the issue of intent, or any of the other elements of an FCCPA claim, cannot be resolved at summary judgment. Ortega v. Collectors Training Inst. of Ill., Inc., No. 09-21744-CIV, 2011 WL 241948, at \*9 (S.D. Fla. Jan. 24, 2011) ("Florida courts have placed the determination of elements comprising FCCPA violations within the jury's province.").[2]

---

[2] Defendant also argues that the FCCPA is preempted by the federal Higher Education Act ("HEA"), relying on Williams v. Educ. Credit Mgmt. Corp., 88 F. Supp. 3d 1338, 1345 (M.D. Fla. 2015). Unlike the caller in Williams, which was a "guaranty agency" subject to HEA regulations, Defendant is not listed as such by the Department of Education. See Plaintiff's Reply [D.E. 63 at 10 & nn. 4, 6]. Therefore, Williams is inapposite.

9

## **CONCLUSION**

Based on the foregoing considerations, it is

ORDERED AND ADJUDGED Defendant's Motion for Partial Summary Judgment [D.E. 32] is GRANTED IN PART only as to Plaintiff's FDCPA claim asserted in Count III of the Complaint; and Plaintiff's Motion for Partial Summary Judgment [D.E. 51] is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 26th day of April, 2017.

                                                         _/s/ Alicia Otazo-Reyes_
                                                         ALICIA M. OTAZO-REYES
                                                         UNITED STATES MAGISTRATE JUDGE

cc:    Counsel of Record