## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-61049-CIV-OTAZO-REYES

ISMAEL CEDENO,

      Plaintiff,

v.

NAVIENT SOLUTIONS, INC.,

      Defendant.

## DEFENDANT NAVIENT SOLUTIONS, INC.'S
## MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL

Defendant Navient Solutions, LLC, formerly known as Navient Solutions, Inc. ("NSL"), by and through undersigned counsel, respectfully moves the Court to certify a portion of its April 26, 2017 Order (Docket Entry 93, the "Order") for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Specifically, NSL asks that the Court certify the issue of whether an amendment to the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"), which was included in the Bipartisan Budget Act of 2015, Pub. L. 114-74, § 301(a), 129 Stat. 584 (2015) (the "Budget Act"), became effective upon passage of the Budget Act — i.e., on November 2, 2015. The Budget Act amendment changed the TCPA's "prior express consent" requirement for making autodialed calls to cellular telephones. Pursuant to the amendment, that requirement does not apply to calls "made solely to collect a debt owed to or guaranteed by the United States."

Based on the plain language of the Budget Act, the rules of statutory construction and the legislative history, NSL's position is that the amendment took effect on November 2, 2015, when it was signed by the President and became public law. However, in the Order, the Court found

1

that "the issue of whether Defendant's post-November 2, 2015 calls to Plaintiff related to his student loans violated the TCPA must be determined in light of the FCC's Report and Order, which became final on November 16, 2016." (Order, p. 5).

Against this background, the issue that NSL seeks to certify presents a controlling question of law as to which there exists a substantial ground for difference of opinion (and, in fact, two courts have rendered decisions supporting NSL's position). Moreover, an immediate appeal would materially advance the ultimate termination of this litigation, because most of the calls at issue in NSL's partial motion for summary judgment fall between November 2, 2015, and May 18, 2016, prior to the release of the FCC regulations in August 2016. The Court therefore should grant this Motion for Certification (the "Motion").

## BACKGROUND

Plaintiff Ismael Cedeno ("Cedeno") asserts claims against NSL for alleged violations of the TCPA,[1] which prohibits, among other things, making a call to a cellular telephone using an automated telephone dialing system without the called party's "prior express consent." NSL is a servicer of student loans, including with respect to federal student loans that are owned or guaranteed by the United States Department of Education ("ED"). As part of its duties as a student loan servicer, NSL is obligated to make calls and send letters to borrowers, so as to collect on delinquent loan amounts and advise borrowers of available repayment options.

Cedeno alleges that, in or around June 2015, during one or more phone calls with one of NSL's agents, he revoked his prior express consent under the TCPA for calls to his cellular telephone. (Order, p. 2). However, according to Cedeno, NSL continued to call here thereafter. (Order, p. 2). The calls stopped in May 2016. (Order, p. 2).

---

[1] Cedeno also brings claims under the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, et seq., and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq., but those claims are not at issue in this Motion.

NSL moved for summary judgment on Cedeno's TCPA claims for all of the calls made after November 2, 2015, when the Budget Act was passed and the statutory exemption for calls "made solely to collect a debt owed to or guaranteed by the United States" was enacted.  See 47 U.S.C. § 227(b)(1)(A)(iii).  The Court denied the motion, however, finding that the exemption must be determined in light of In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 31 FCC Rcd. 9074, 9088-92 (Aug. 11, 2016) (the "FCC Order").

Importantly, though, the regulations themselves are not yet effective.  The Court noted that the FCC Order appeared as a final rule in the Federal Register on November 16, 2016.  See Tel. Consumer Prot. Act of 1991, 81 Fed. Reg. 80594, 2016 WL 6745144 (Nov. 16, 2016)." (Order, p. 5).  The FCC Order appended the FCC's final rules implementing the Budget Act amendment (the "Final Rules").  However, because certain of the Final Rules implicate the Paperwork Reduction Act, the rules (as a whole) will not become effective "until 60 days after the [FCC] publishes a Notice in the Federal Register indicating approval of the information collection by the Office of Management and Budget (OMB)."  See FCC Order at ¶¶ 59-60.  This has not occurred and, thus, the Final Rules are not in place.

The Order does not contain the language necessary to certify this issue for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  Accordingly, NSL now requests that the Court certify the issue for consideration by the Eleventh Circuit so as to materially advance this litigation.

## **ARGUMENT**

### I.    **The Legal Standard For Certification Under Section 1292(b)**

Pursuant to 28 U.S.C. § 1292(b), a party may pursue an interlocutory appeal to the Circuit Court of Appeals if the district court states in writing that an order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an

immediate appeal from the order may materially advance the ultimate termination of the litigation." Upon parties' requests, Southern District of Florida courts often have certified issues for interlocutory appeal. See, e.g., S.R. v. United States, 555 F. Supp. 2d 1350, 1361 (S.D. Fla. 2008); In re Managed Care Litig., 2002 U.S. Dist. LEXIS 28282, *10-*11 (S.D. Fla. Mar. 25, 2002); see also Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1278 (11th Cir. June 1, 2005) (noting district court's certification of issue under Section 1292(b)).

In determining whether to certify an order for interlocutory appeal, district courts consider whether the issue at hand is one of "first impression" and whether its resolution would "serve to avoid trial or otherwise substantially shorten the litigation." Bastian v. United Servs. Auto. Ass'n, 150 F. Supp. 3d 1284 (M.D. Fla. 2015). "While novelty alone does not justify interlocutory appeal," certification is appropriate where the key issue left "enough room for interpretation." Id. at 1297. This is particularly so when resolution will "impact future cases." EEOC v. Allstate Ins. Co., 2007 U.S. Dist. LEXIS 97100, *10 (E.D. Mo. Jan. 4, 2007). Further, on matters of statutory construction, courts have considered, whether "a difference of opinion may exist as to the interpretation of the Act and its legislative history." Roberts v. Dean Witter Reynolds, Inc., 2003 U.S. Dist. LEXIS 5676 at *13 (M.D. Fla. Mar. 14, 2003).

## II.    The Court Should Certify The Issue Presented Here For Interlocutory Appeal.

### A.    The Determination Of The Budget Act Amendment's Effective Date Is A Pure Question Of Law.

In the Order, the Court's decision turns on analysis of the Budget Act's requirement that the FCC "prescribe regulations to implement the [Budget Act's] amendments" to the TCPA. (Order, p. 4). Although the Budget Act does not state that the amendment would be ineffective until such regulations were implemented, the Court interpreted it as such. (Order, p. 5). Accordingly, the issue here is purely one of statutory construction. There is no factual dispute

presently before the Court about when Cedeno was called, how many times Cedeno was called or who was responsible for calling Cedeno.  If NSL is correct in its construction of the Budget Act amendment — i.e., it applies, as written, until such time as the FCC's Final Rules take effect — then Cedeno simply has no TCPA claims as to the calls after November 2, 2015. Nevertheless, the issue is one of first impression in this circuit, and there is ample "room for interpretation."

      **B.**      **There Are Substantial Grounds For Difference Of Opinion On The Issue.**

              **1.**      **The Budget Act Amendment Certainly Can Be Construed As Effective On November 2, 2015.**

On its face, the Budget Act amendment contemplates that the FCC will ultimately issue regulations, but contains <u>no</u> limitation as to its effectiveness on November 2, 2015.  In the Order, the Court appears to have concluded (without specifically finding) that the FCC's Final Rules were a precondition to application of the amendment.  Under the ordinary rules of statutory construction, though, such a conclusion is far from obvious.  "The first rule in statutory construction is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute.  If the statute's meaning is plain and unambiguous, there is no need for further inquiry."  <u>United States v. Silva</u>, 443 F.3d 795, 797-98 (11th Cir. 2006). "Further, we will not 'look at one word or term in isolation, but instead [will] look to the entire statutory context.'"  <u>Id.</u> at 798.  Finally, "we should not interpret a statute in a manner inconsistent with the plain language of the statute."  <u>Id.</u>

Here, the plain and unambiguous language of the Budget Act amendment reflects that it became effective on the date it was enacted.  Specifically, Section 301(a) of the Budget Act provides: "Section 227(b) of the [TCPA] <u>is amended</u>."  (Emphasis added).  Section 301(a) does not state that the TCPA will be amended, or that the amendment takes effect at some time in the

future, which Congress certainly could have stated.  Indeed, reviewing the entire statute in context shows that Congress did exactly that in <u>other</u> portions of the Budget Act.  For example, Section 501 of the Budget Act provides that the amendments to 29 U.S.C. § 1306 (relating to premium rates under the Employee Retirement Income Security Program) "<u>shall apply to plan years beginning after December 31, 2016</u>."   Budget Act, PL 114-74, 129 Stat 584, § 501 (emphasis added).  Similarly, Section 812 of the Budget Act (pertaining to the Social Security Act, 42 U.S.C. § 423(d)(5)) provides:

> The amendment made by subsection (a) shall apply with respect to determinations of disability <u>made on or after the earlier of</u>—
>
> > (1)   <u>the effective date of the regulations issued by the Commissioner under subsection (b)</u>; or
> >
> > (2) <u>one year after the date of the enactment of this Act</u>.

<u>Id.</u>, § 812 (emphasis added).

"[W]here Congress knows how to say something but chooses not to, its silence is controlling."  <u>Lindley v. FDIC</u>, 733 F.3d 1043, 1057 (11th Cir. 2013).  Overall, the Budget Act shows that Congress knew how to delay the effective date of each provision if that was its intent, but chose to remain silent on the effective date of the TCPA amendment.  Accordingly, this at least suggests that the TCPA amendment was effective immediately, not at some point in the future.   In fact, arguably, interpreting the Budget Act amendment otherwise would be inconsistent with the plain language of the statute and the rules of statutory interpretation.

Further, and notably, at least one court has expressly rejected the contention that the Budget Act amendment did not apply until the Final Rules had been prescribed.  <u>See Silver v. Pa. Higher Educ. Assistance Agency</u>, 2016 U.S. Dist. LEXIS 44165, *7-*8 (N.D. Cal. Mar. 31, 2016) ("[P]laintiff cites no authority for his argument that a statute has no legal effect until

implementing regulations are put in place.").  In addition, in <u>Hassert v. Navient Solutions, Inc</u>., 2017 U.S. Dist. LEXIS 60165, *2 (W.D. Wisc. Jan. 5, 2017), the court dismissed plaintiff's TCPA claims for calls made from December 2015 through April 2016 based on the Budget Act amendment, noting that, "<u>in 2015</u>, <u>Congress amended the TCPA</u> so that it prohibits autodialed calls to cell phones except when the 'call is made solely to collect a debt owed to or guaranteed by the United States.'" <u>Id.</u> at *3 (emphasis added).  These conclusions are in line with the interpretive canon "that a statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant." <u>MSP Recovery, LLC v. Allstate Ins. Co.</u>, 835 F.3d 1351, 1361 (11th Cir. Aug. 30, 2016).  If the Budget Act amendment had been ineffective until the FCC regulations were issued, then the new language in the TCPA was <u>inoperative and superfluous</u> from November 2015 to August 2016 (and, in fact, it would remain so today, because the FCC's Final Rules are not yet effective).

Moreover, the proposition that the amendment had immediate effect is supported by the legislative history.   In the lead-up to passage of the Budget Act, ED issued a report calling for Congress to "change the law to ensure that servicers can contact borrowers using modern technology." <u>See</u> "Strengthening the Student Loan System to Better Protect All Borrowers," U.S. Department of Education, October 1, 2015, at p. 16 <available at http://www2.ed.gov/documents/press-releases/strengthening-student-loan-system.pdf>     (last viewed May 5, 2017).  Specifically, ED noted a need to contact borrowers right away so as to assist them: "The President's 2016 Budget proposed amending this law to allow the use of automated dialers to contact borrowers to inform them of their federal repayment obligations and benefits like Pay As You Earn, or Rehabilitation, in the case of a defaulted borrower." <u>Id.</u>

Finally, even the FCC itself has seemingly acknowledged that the Budget Act amendment took effect upon enactment in 2015.  See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, CG Docket No. 02-278, 31 FCC Rcd 5134, ¶ 4 (F.C.C. May 6, 2016) ("May 6, 2016 Notice").  In Paragraph 4 of the May 6, 2016 Notice, the FCC stated that:

> Section 227(b)(1)(A) and (B) of the TCPA now explicitly do not make it unlawful for anyone to make autodialed, artificial-voice, or prerecorded-voice calls to both wireless phones and residential landline phones, without the prior express consent of the called party, if the calls are "made solely to collect a debt owed to or guaranteed by the United States…

(May 6, 2016 Notice, ¶ 4) (emphasis added).  Similarly, in Paragraph 5 of the FCC Order, the FCC again noted:

> As amended by Section 301 of the Budget Act, Sections 227(b)(1)(A) and (B) of the TCPA now explicitly except from the prior express consent requirement certain autodialed, artificial-voice, and prerecorded-voice calls either to wireless phones or to residential landline phones, if the calls are "made solely to collect a debt owed to or guaranteed by the United States."

(FCC Order, ¶ 5) (emphasis added).  The word "now" is straightforward and unmistakable — it indicates that the changes made to the TCPA by the Budget Act were already in effect when the FCC Order (appending the Final Rules) was issued.

Accordingly, against this background, the construction of the Budget Act amendment is at least arguable.  The issue, then, is appropriate for certification.

**C.     Resolution Of The Issue Would Materially Advance This Case.**

Very simply, if the Eleventh Circuit agrees with NSL — i.e., the Budget Act amendment to the TCPA was effective as of November 2, 2015 — a significant portion of Cedeno's claims is defeated.  That conclusion would limit this case to the narrower question of whether Cedeno can establish his TCPA claims related to calls before November 2, 2015, and any other remaining

claim.  Limiting the case in this fashion would preserve resources for the parties and the Court.

In addition, and more broadly, the issue presented is important because it will impact not only

this case, but also other TCPA cases brought in response to calls related to student loans owned

or guaranteed by the United States.

## CONCLUSION

For the foregoing reasons, the Court should grant the Motion and certify the issue for

interlocutory appeal.

Dated:  May 8, 2017                                       NAVIENT SOLUTIONS, INC.

                                                          By:    *s/ Lisa M. Simonetti*
                                                                 One of Its Attorneys

                                                          Lisa M. Simonetti

                                                          Vedder Price (CA), LLP
                                                          1925 Century Park East, Suite 1900
                                                          Los Angeles, California 90067
                                                          T:  +1 424 204 7700
                                                          F:  +1 424 204 7702
                                                          lsimonetti@vedderprice.com
                                                          (admitted *pro hac vice*)

                                                          Dayle M. Van Hoose, Esq.
                                                          Florida Bar No. 0016277
                                                          SESSIONS, FISHMAN, NATHAN &
                                                          ISRAEL, L.L.C.
                                                          3350 Buschwood Park Drive, Suite 195
                                                          Tampa, FL 33618
                                                          Telephone: (813) 890-2463
                                                          Facsimile: (866) 466-3140
                                                          dvanhoose@sessions-law.biz

## <u>CERTIFICATE OF GOOD FAITH CONFERENCE</u>

I certify that, pursuant to Local Rule 7.1(a)(3), counsel for Defendant conferred with counsel for Plaintiff in a good faith attempt to resolve the issues raised by this motion, and Plaintiff objects to the relief sought.

*/s/ Lisa M. Simonetti*
Lisa M. Simonetti

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 8, 2017, a copy of the foregoing **DEFENDANT NAVIENT SOLUTIONS, LLC'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL** was electronically filed in the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system.  Parties may access this filing through the court's system.

/s/ *Lisa M. Simonetti*
Lisa M. Simonetti
